UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
GABRIEL MOSES BURKE,                                           :
                                                               :
                           Plaintiff,                          :
                                                               :       **REPORT AND**
             -against-                                         :       **RECOMMENDATION**
                                                               :
NHA MINH, BOZAREL FARA, and NHA MINH                           :       23-CV-2860 (CBA)(PK)
TOO LLC,                                                       :
                                                               :
                           Defendants.                         :
                                                               :
-------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

The Motion to Dismiss for Failure to Prosecute pursuant to Fed. R. Civ. P. 41(b) and for Sanctions and Costs ("Motion," Dkt. 35), filed by Nha Minh and Nha Minh Too LLC (collectively, the "Nha Minh Defendants"),[1] has been referred to me by the Honorable Carol Bagley Amon for a Report and Recommendation. For the reasons stated below, I respectfully recommend that the Motion be granted in part and denied in part.

## BACKGROUND

Gabriel Moses Burke ("Plaintiff") brought this action on April 18, 2023, against Nha Minh pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36. (Compl., Dkt. 1.) The Complaint alleges that Plaintiff—who ambulates in a wheelchair or with an assistance device—was denied full access to the goods, services, and accommodations of the property located at 915 Wyckoff Avenue, Queens, New York 11385, and that he was discriminated against in violation of the ADA. (*Id.*)

On May 19, 2023, Nha Minh was served with the Summons and Complaint (Affidavit of

---

[1] Nha Minh Too LLC is a New York limited liability company doing business as "Nha Minh." (*See* Rule 7.1 Disclosure Statement, Dkt. 9; Mem. of Law in Supp. ("Mem.") at 1, Dkt. 35.)

1

Service, Dkt. 6) and filed an Answer on June 9, 2023. (Dkt. 8.)

On November 21, 2023, Plaintiff filed an Amended Complaint, adding Bozarel Fara ("Fara") and Nha Minh Too LLC as defendants. (Am. Compl., Dkt. 13.) On January 3, 2024, Plaintiff filed an affidavit of service of the Summons and Amended Complaint on Nha Minh Too LLC. (Dkt. 31.) The record does not indicate that the Summons or the Amended Complaint was ever served on Defendant Fara, and no appearance has been made on behalf of Fara.

On January 4, 2024, the Court scheduled a status conference for March 26, 2024. (Jan. 4, 2024 Order; Jan. 10, 2024 Order (changing time of conference).)

The Court held the status conference on March 26, 2024, as scheduled. (Mar. 26, 2024 Order to Show Cause.) The date and time of the conference were posted on the docket, and electronic docket notifications were sent by email to Plaintiff's counsel, but he failed to appear.

The Court issued an order to show cause and directed Plaintiff's counsel to file a letter by April 2, 2024, "explaining the reasons for failing to appear and why it should not be required to pay attorney's fees to Defendant for the failure to appear." (*Id.*)

On March 27, 2024, before the deadline for Plaintiff to file the letter ordered by the Court, the Nha Minh Defendants filed a motion to dismiss for failure to prosecute ("First Motion to Dismiss," Dkt. 32). Plaintiff's counsel did not file the letter ordered by the Court or any response to the First Motion to Dismiss. On August 8, 2024, the Court denied the First Motion to Dismiss and directed Plaintiff's counsel to explain by August 29, 2024, "why he failed to appear at the prior status conference, provide details about his intention to prosecute the case, and articulate the reasons for failing to propound any discovery." ("August Order" at 1-2, Dkt. 34.) The Court further warned that "[f]ailure to respond to this order may lead to the dismissal of the case." (*Id.* at 2.) Plaintiff's counsel failed to file any response.

2

On September 6, 2024, the Court adopted[2] the August Order and granted leave to file a renewed motion to dismiss for failure to prosecute by September 27, 2024. (Sept. 6, 2024 Mem. and Order at 2, Dkt. 34.)

On September 27, 2024, the Nha Minh Defendants filed the Motion, requesting that the Court dismiss this action with prejudice and order sanctions and costs. (Mem. at 6.) Plaintiff has not filed any response or opposed the Motion.

## DISCUSSION

### I. Dismissal for Failure to Prosecute

#### A. *Legal Standard*

Pursuant to Federal Rule of Civil Procedure 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Even without a motion to dismiss from the defendant, the Court has "unquestioned . . . authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When a district court contemplates a dismissal under Rule 41(b), it must consider the following factors, none of which is dispositive:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

---

[2] Judge Amon had referred the First Motion to Dismiss to the Magistrate Judge assigned to this case at the time for a report and recommendation. (July 30, 2024 Minute Entry; Mem. and Order at 1.) Accordingly, Judge Amon construed the August Order as a report and recommendation and adopted it in full, denying the First Motion to Dismiss without prejudice. (Mem. and Order at 2.)

B.     *Application of Law to Facts*

In the nearly eighteen months since the Amended Complaint was filed on November 21, 2023 (Dkt. 13), Plaintiff has only filed an affidavit of service regarding Nha Minh Too LLC (Dkt. 31) but has taken no other steps to prosecute his claims against any of the Defendants. Plaintiff's counsel failed to appear for the March 26, 2024 status conference and failed to respond to two Court orders to explain his failure to appear (Order to Show Cause; August Order). He was warned that failure to respond to the Court could result in the case being dismissed for failure to prosecute. (August Order.) Nevertheless, he has failed to respond to the Court orders and has filed no opposition to either the First Motion to Dismiss or to the Motion.

Courts have dismissed cases for failure to prosecute where, as here, the plaintiff was inactive for an extended period and failed to comply with court directives despite being warned that the case may be dismissed. *See, e.g., Pizarro v. Bey*, No. 14-CV-507 (LDH) (PK), 2018 WL 3639935, at *1-2 (E.D.N.Y. June 27, 2018) (dismissing where plaintiff took no action for one year since filing amended complaint), *R&R adopted*, No. 14-CV-507 (LDH) (PK), 2018 WL 3637958 (E.D.N.Y. July 31, 2018); *Rafaniello v. Travelers Cas. Co.*, No. 14-CV-3385 (NGG) (MDG), 2016 WL 4991544, at *2 (E.D.N.Y. Feb. 22, 2016) (dismissing where plaintiffs failed to comply with multiple court orders), *R&R adopted*, 2016 WL 5061112 (E.D.N.Y. Sept. 16, 2016); *Hunter v. N.Y. State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (affirming dismissal where plaintiff "received at least two notices that her action could be dismissed for a failure to prosecute").

Prejudice against the Nha Minh Defendants is presumed given Plaintiff's failure to move the case forward. *See, e.g., Kenny v. Potter*, No. 05-CV-1415 (KAM) (JMA), 2011 WL 613346, at *3 (E.D.N.Y. Jan. 24, 2011), *R&R adopted*, 2011 WL 646919 (E.D.N.Y. Feb. 11, 2011). Moreover, the Nha Minh Defendants run a "small independent restaurant of modest means" (Mem. at 4) and are likely to incur additional defense costs due to further delay in the proceedings. *See LeSane,* 239 F.3d

4

at 210 (noting that indications that "the delay increased the litigation costs defendants had to bear" would be sufficient to demonstrate prejudice).

Balancing the Court's interest in managing its docket against Plaintiff's interest in a fair chance to be heard also supports dismissal. Plaintiff has not propounded any discovery and has been wholly unresponsive to the Court's directives. In addition, Plaintiff has taken no action in the eight months since the Motion was filed. There is no reason to afford Plaintiff more time to be heard in this matter. *See Hunter*, 515 F. App'x at 44 (emphasizing that "District Court afforded plaintiff seven months to respond to defendant's motion to dismiss for failure to prosecute before granting the motion"); *Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 177-78 (2d Cir. 2008) (per curiam) ("[B]y delaying dismissal for twenty days and thereby affording [plaintiff] ample time to inform the Court that he stood ready to press his claims, the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court . . . .") (internal quotation marks omitted).

Finally, I find no alternative to an order of dismissal. Considering Plaintiff's disregard of multiple court orders, sanctions less drastic than dismissal are likely to be of no help in moving the case forward. *Ruzsa*, 520 F.3d at 178.

Plaintiff has likewise failed to prosecute his claims against Fara. Although Fara has not appeared or moved to dismiss, there is no indication that Fara was ever served with the Summons or the Amended Complaint, which named Fara for the first time.

Rule 4(m) requires dismissal without prejudice if a defendant is not served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, given Plaintiff's complete failure to prosecute any of his claims despite multiple warnings that this action may be dismissed, there is no reason to afford Plaintiff another chance to bring these claims. *See Thomas v. Shinseki*, No. 09-CV-4900 (ADS) (WDW), 2011 WL 4753525, at *6 (E.D.N.Y. Oct. 6, 2011) (dismissing with prejudice under Rule 41(b) although the action could have been dismissed without prejudice under Rule 4(m)); *Melendez v. City of*

5

*New York*, No. 12-CV-9241 (AJN), 2014 WL 6865697, at *4 (S.D.N.Y. Dec. 4, 2014) (dismissing with prejudice "for failure to serve notice under Rule 4(m) and for failure to prosecute pursuant to Rule 41(b)"). Dismissal of the Amended Complaint against Fara is, therefore, warranted under both Rules 4(m) and 41(b).

Accordingly, I respectfully recommend that the Court dismiss the Amended Complaint against all Defendants with prejudice.

## II.     Sanctions and Costs

The Nha Minh Defendants request "sanctions and costs consistent with plaintiff's contumacious disregard for Court directives, and for monies spent by Nha Minh and Nha Minh Too LLC to defend this action, including the preparation and filing of [the Motion]." (Mem. at 5.)

The Nha Minh Defendants do not specify the nature of the "costs" and "monies" they are requesting, nor do they support their request with any time sheets, invoices, or legal authority.

Accordingly, I respectfully recommend that the Nha Minh Defendants' request for sanctions and costs be denied. *See Shasgus v. Janssen, L.P.*, No. 08-CV-180A, 2009 WL 2878542 (W.D.N.Y. Sept. 2, 2009) (noting that dismissal with prejudice for failure to prosecute is sufficient sanction and declining to impose attorneys' fees).

## CONCLUSION

Based on the foregoing, I respectfully recommend that (1) the Amended Complaint be dismissed against all Defendants with prejudice, and (2) no sanctions or costs be awarded.

Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).


PEGGY KUO
United States Magistrate Judge

Dated: May 23, 2025
       Brooklyn, New York