UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

GABRIEL MOSES BURKE,

                        Plaintiff,

    -against-                                NOT FOR PUBLICATION
                                           **MEMORANDUM & ORDER**
                                           23-cv-02860 (CBA) (PK)

NHA MINH, et al.,

                        Defendants.

-----------------------------------------------------------x

**AMON, United States District Judge:**

On September 27, 2024, Defendant Nha Minh[1] filed a second motion to dismiss this action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). (ECF Docket Entry ("D.E.") # 35 ("Def. Mot.").) This second motion was in response to my Memorandum and Order of September 6, 2024 (D.E. # 34 ("M&O")), adopting Magistrate Judge Bulsara's report and recommendation (R&R), and denying Defendant's first motion to dismiss for failure to prosecute on the basis that (1) Defendant's motion was premature; (2) the motion did not comply with this Court's Local Rules; and (3) representations were made that Plaintiff's counsel was suffering from an illness.

On December 20, 2024, this case was reassigned to the Honorable Peggy Kuo, United States Magistrate Judge. (D.E. # 35.) And on May 23, 2025, Magistrate Judge Kuo issued an R&R recommending that (1) Defendant's second motion to dismiss Plaintiff's claims with prejudice for failure to prosecute be granted; (2) Plaintiff's claims against Fara be dismissed with

---

[1] Plaintiff's Amended Complaint names three defendants: Nha Minh, Nha Minh Too LLC, and Bozarel Fara. (D.E. # 13.) Nha Minh Too LLC is a New York limited liability company doing business as "Nha Minh." (D.E. ## 9, 35.) Throughout this Memorandum and Order, "Nha Minh" refers collectively to Nha Minh and Nha Minh Too LLC.

1

prejudice; and (3) Defendant's request for sanctions and costs be denied. (D.E. # 36 ("R. & R.") at 6.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If there has been no objection to an R&R, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). Apart from filing an Amended Complaint in November of 2023 (D.E. # 13) and filing an affidavit of service in January of 2024 (D.E. # 31), Plaintiff has made no effort to prosecute his claims against the Defendants. This is so despite multiple court orders. (Order to Show Cause; D.E. # 33.) No party has objected to the R&R, and the time for doing so has passed. Having reviewed the record, and finding no clear error, I adopt Magistrate Judge Kuo's R&R in full.

I therefore grant Defendant's motion to dismiss for failure to prosecute with prejudice and dismiss Plaintiff's claims against Fara with prejudice.

As also recommended by Magistrate Judge Kuo, I deny Defendant's request for sanctions and costs. Defendants provide no basis upon which to calculate costs, nor do they support their request with their own calculations or legal authorities. Indeed, they have not objected to Magistrate Judge Kuo's R&R denying the request for sanctions. Dismissal pursuant to Rule 41(b) is an adequate sanction for Plaintiff's failure to prosecute his claims in this matter.

For these reasons, the Court GRANTS Defendant's motion to dismiss for failure to prosecute with prejudice, DENIES Defendant's request for sanctions and costs, and DISMISSES all claims against Defendant Fara with prejudice.

SO ORDERED.

Dated: August 27, 2025
Brooklyn, New York

/s Carol Bagley Amon

Carol Bagley Amon
United States District Judge